UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIRIAM SÁNCHEZ-LEBRÓN, et al,

    Plaintiffs,

    v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 12-1974 (JAF)

**OPINION AND ORDER**

Plaintiffs Miriam Sánchez-Lebrón and Carlos Sánchez-Lebrón have filed a pro-se complaint requesting a writ of mandamus for the production of certain documents in Commonwealth court. Defendants—the Commonwealth of Puerto Rico and several of its administrative organs, including the Court of General Justice, filed a motion to dismiss for failure to state a claim. Because Plaintiffs have requested relief beyond our jurisdiction and, thus, failed to state a claim, we grant the motion to dismiss.

**I.**

**Background**

We construe Plaintiffs' pro-se filing as a writ of mandamus, requesting that we compel the presentation of "two resolutions missing in the Inactive Document Program dated on April 29 and July 10, 1955 in the case CS 55-413 and to give us copies to clarify the ownership in the active civil case HSCI200701220 in Humacao." (Docket No. 1 at 7.) Plaintiffs allege that defendants are withholding certain documents, claiming that the documents were either confidential, contained clauses applying to minors, that they were

Civil No. 12-1974 (JAF) -2-

lost, and that they needed their attorney to be able to view them. On February 7, 2013, the Commonwealth of Puerto Rico moved to dismiss the complaint for lack of subject-matter jurisdiction. (Docket No. 10.) We grant the motion.

## II.

## Legal Standard

**A.   12(b)(1) Motion to Dismiss Standard**

Federal courts must resolve subject-matter jurisdiction questions before addressing the merits of a case. Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998)); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (court must be assured that subject-matter jurisdiction exists before proceeding to the merit of a case). In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, we construe plaintiffs' complaint liberally and ordinarily "may consider whatever evidence has been submitted, such as…depositions and exhibits." Avera v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996); see also Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (under a Rule 12(b)(1) motion, court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor).

## III.

## Discussion

Plaintiffs have failed to prove that we have jurisdiction to issue the relief they have requested. See Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (the party invoking the jurisdiction of a federal court carries the burden of proving its existence.)

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here, Plaintiffs ask us to compel Commonwealth actors to perform a duty that Plaintiffs allege is owed to them. We have no power to mandamus the Commonwealth actors under 28 U.S.C. § 1361. That power exists only as to officers and employees of the United States or its agencies.

## IV.

## **Conclusion**

For the foregoing reasons, we hereby **GRANT** Defendants' motion to dismiss. Judgment will enter dismissing the present case in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of April, 2013.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge